UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN DANIEL HARMS and JOLENE LYNN HARMS, by and through their Next Friend, STEWART WILDER,<br><br>Petitioner,<br><br>vs.<br><br>MATTHEW CLIFFORD, Ada County Sheriff; ATTORNEY GENERAL FOR THE STATE OF IDAHO; and DIRECTOR, IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>Respondents. | Case No. 1:26-cv-00267-AKB<br><br>**SUCCESSIVE REVIEW ORDER** |

Earlier in this habeas corpus case, United States Magistrate Judge Raymond E. Patricco issued an Initial Review and Reassignment Order notifying Petitioners Jonathan Harms and Jolene Harms and their Next Friend Stewart Wilder that the case appeared to be subject to summary dismissal (Dkt. 6). Petitioners were given an opportunity to respond to the Order. The Court now reviews Petitioners' filings, including those of Next Friend Laura Jane Louis (Dkts. 8 to 10).

**BACKGROUND**

Petitioners are convicted felons who have not yet been sentenced in three related Ada County, Idaho, Fourth Judicial District Court Cases: No. CR01-25-24721, *State of Idaho v. Jonathan Daniel Harms* ("Case 721"); No. CR01-25-35449, *State of Idaho v. Jonathan Daniel Harms* ("Case 449"); and No. CR01-25-35448, *State of Idaho v. Jolene Lynn Harms* ("Case 448").

In each of these state criminal cases, the state district court entered an order prohibiting filings from "Next Friends" and permitting only the parties or an Idaho-licensed attorney to file documents. "Next Friends" have filed two removal cases and this habeas corpus case in federal court on behalf of Jonathan and Jolene.

The sentencing hearing for both parties was originally set for July 20, 2026, but Jonathan's hearing has been vacated. A psychologist performed a mental health evaluation of Jonathan and found him unfit to proceed and incapable of assisting in the defense of his case.[1] On July 23, 2026, the state district court entered an order for commitment, committing Jonathan to the custody of the Director of the Idaho Department of Health and Welfare for ninety days. Jonathan was proceeding pro se, but in light of the order for commitment, the state district court appointed a public defender to aid Jonathan in that matter. Jolene's sentencing hearing has been reset to September 14, 2026.[2]

## APPLICATION OF HABEAS RULES

In its discretion, the Court may apply the Rules Governing Section 2254 Cases to § 2241 habeas corpus cases. *See* Rule 1(b), Rules Governing Section 2254 Cases. The Court finds it appropriate to review Petitioner's filings pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which authorizes summary dismissal of a habeas corpus petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. § 2243 (same).

## NEXT FRIEND CAPACITY

A habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5). A person designated

[1] *See* https://preview.icourt.idaho.gov/case/CR01-25-35449/county/Ada (accessed 8/19/2026).

[2] *See* https://preview.icourt.idaho.gov/case/CR01-25-35448/county/Ada (accessed 8/19/2026).

as a petitioner's "Next Friend" is authorized to sign a habeas petition on their behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To qualify for "Next Friend" status, a person must satisfy a two-prong analysis. First the "Next Friend" must show that the petitioner is unable to litigate his or her own cause due to mental incapacity, lack of access to court, or some other disability. *Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Second, the Next Friend must demonstrate that he possesses some significant relationship with, and is truly dedicated to the best interests of, the person seeking relief. *Id*.

Petitioner Jolene Harms has filed a letter with the Court asking that copies of all filings be mailed to her at the Ada County Jail (Dkt. 8). Nothing in the letter suggests that she is unable to appear for herself in this matter; she is incapacitated; or there is any other reason it would be appropriate for her to appear through a next friend who is not an attorney. The filing of the letter shows that she has access to the federal court. Therefore, Jolene Harms must appear on her own behalf or through an attorney and may not appear through a "Next Friend."

Petitioner Jonathan Harms has been adjudicated temporarily incapacitated. Nothing in the record shows that Petitioner or his wife are opposed to having Mr. Wilder or Ms. Louis appear for Jonathan, as a person interested in Jonathan's welfare. Accordingly, the Court concludes that these Next Friends may appear for Jonathan.

## DISCUSSION

Petitioners were notified that a pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). A petitioner can satisfy the exhaustion requirement by showing that he "fairly presented" his federal claim to the highest state court with jurisdiction to consider it. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

In very limited instances, failure to exhaust may be excused because of special circumstances. *Whelan v. Noelle*, 966 F. Supp. 992, 998 (D. Or. 1997). For example, in *Cohen v. Warden, Montgomery County Detention Center*, 252 F. Supp. 666 (D. Md. 1966), the court deemed the petitioner's state court remedies exhausted where his appeal had been dismissed by the highest state court because of the petitioner's financial inability to file the required briefs in his state habeas corpus proceeding. *Id*. at 672. On the other hand, in *Whelan*, the federal district court recognized it was unfortunate several months would pass before the petitioner's state court appeal was completed, but concluded that the petitioner was not excused from the exhaustion rule where he "made no showing that the state appellate process is not sufficient to adjudicate his claims." 966 F. Supp. at 999.

Petitioners' responsive filings do not show that they have exhausted state court remedies through the level of the Idaho Supreme Court. The Next Friends assert that Jonathan has not had access to the courts. However, in one of the removal cases, the Court previously addressed this allegation and provided portions of the state court record showing that Jonathan does have access to file documents in state court (*see* Case No. 1:26-cv-002400-AKB, *State of Idaho v. Jonathan and Jolene Harms*, Dkt. 25-1). Now that he is represented by counsel, these concerns are moot.

The Next Friend who responded to the Initial Review Order, Ms. Louis, argues that this Court should commandeer Petitioners' state cases to address federal constitutional violations that have occurred during the state criminal proceedings before the state court has an opportunity to sentence Petitioners (Dkt. 9 at 1-2). This argument is incompatible with the limited focus of federal habeas corpus proceedings. The United States Supreme Court has made it clear that "the basic structure of federal habeas jurisdiction [is] designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S.

86, 103 (2011) (discussing § 2254). All federal claims must be addressed first to the state district court and ultimately to the Idaho Supreme Court to preserve them for federal habeas corpus review.

The Next Friends argue that the state court does not have jurisdiction to continue to act in the state criminal matter because they filed petitions for removal in the federal court. The state district court may have decided not to recognize the notice of removal that was insufficient on its face and that was filed by "Next Friends" who are not parties to the criminal case and who were ordered not to file documents in the criminal case. Any jurisdictional questions should be raised in the state district court by Jonathan's attorney in Jonathan's cases or by Jolene in her case, but not by "Next Friends." Thereafter, the jurisdictional questions must be presented to the Idaho Supreme Court in a procedurally proper manner before such claims are brought to federal court in a habeas corpus petition.

As in *Whelan*, *supra*, there is nothing in the record or in the state court docket indicating that Petitioner's federal claims cannot be resolved in the state district and appellate courts in due course. *See also Buel v. Decker*, 429 F.2d 1314, 1315 (5th Cir. 1970) (affirming the judgment of the federal district court denying relief for failure to exhaust state court remedies where an appeal was still pending in the Texas Court of Criminal Appeals).

The Court concludes that proper exhaustion of state court remedies is required before Petitioners may pursue federal habeas corpus relief. The Court finds nothing in the responsive filings that shows Petitioners should be excused from the exhaustion rules for § 2241 proceedings. This case will be dismissed without prejudice to Petitioners re-filing their action, if needed, after they have properly raised their federal constitutional issues in the Idaho Supreme Court in a procedurally proper manner.

# ORDER

**IT IS ORDERED:**

1. Petitioners' Motion Regarding Service and Emergency Motion to Expedite (Dkts. 3, 5) are DENIED.
2. Petitioners' Demand for Emergency Clarification regarding the state court's continuation of the criminal action in light of notices of removal (Dkt. 7) is DENIED.
3. Petitioners' Request for Temporary Stay of State Court Proceedings and for other relief (Dkt. 9) is DENIED. For habeas corpus purposes, the state criminal case and any appeal must proceed to completion.

DATED: August 25, 2026

Amanda K. Brailsford
U.S. District Court Judge